**SEALED**
**BY ORDER OF THE COURT**

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Hawaii

**FILED IN THE**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF HAWAII**
**Apr 11, 2025 9:29 AM**
**Lucy H.Carrillo, Clerk of Court**

| | |
|---|---|
| United States of America<br>v.<br><br>DAVID WILLIAM LEWIS<br><br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

    MAG. NO. 25-341-RT

**FILED UNDER SEAL PURSUANT**
**TO CRIMLR5.2(a)(1)**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 7, 2025 _____ in the county of _____ Honolulu _____ in the

_____ District of ____ Hawaii ____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(B) | LEWIS, the defendant, knowingly and intentionally possessed with the intent to distribute a controlled substance -- 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamidefentanyl, commonly known as fentanyl, a schedule II controlled substance. |

This criminal complaint is based on these facts:

**See Attached Affidavit**

☑ Continued on the attached sheet.

_____
*Complainant's signature*

DEA Special Agent Michael Lesko
*Printed name and title*

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: ____ April 11, 2025 ____

City and state: _____ Honolulu, Hawaii _____

_____
Rom A. Trader
United States Magistrate Judge

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

REBECCA PERLMUTTER
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-mail: Rebecca.Perlmutter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAG. NO. 25-341-RT |
| | ) | |
| Plaintiff, | ) | AFFIDAVIT IN SUPPORT OF |
| | ) | CRIMINAL COMPLAINT |
| vs. | ) | |
| | ) | |
| DAVID WILLIAM LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Michael J. Lesko, being duly sworn telephonically, state the following is

true and correct to the best of my knowledge and belief:

## **BACKGROUND**

1.     This affidavit is submitted for the purpose of establishing probable cause that, on or about April 7, 2025, David William LEWIS ("LEWIS"), the defendant, knowingly and intentionally possessed with the intent to distribute a controlled substance, namely 40 grams or more of a mixture and substance containing a detectable about N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamidefentanyl, commonly known as fentanyl, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

2.     I am a "law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 21 of the United States Code.

3.     I am a Special Agent with the Drug Enforcement Administration ("DEA") and have been since July 2020. As a Special Agent with the DEA, my duties include the investigation of violations of federal laws concerning the transportation, importation, manufacture, possession, and distribution of controlled substances. I completed 17 weeks of Federal Law Enforcement Training, graduating from the DEA Basic Agent Training Program in July 2020, with

2

training in legal, tactical, and investigative skills.  I am currently assigned to the

Honolulu District Office in Honolulu, Hawaii.  In connection with my official

duties, I investigate criminal violations of federal drug laws and related offenses-

including violations of Title 21, United States Code, 801 et seq., and the Federal

Controlled Substance Act. I am familiar with and have used many of the traditional

methods of investigation, including, visual surveillance, informant and witness

interviews, defendant debriefings, undercover operations, and the seizure of drug

evidence.  During my employment with DEA, I have become knowledgeable with

the enforcement of Federal laws pertaining to narcotics and dangerous drugs.  In

particular, I have become versed in the methodology utilized in narcotics

trafficking operations, the specific language used by narcotic traffickers, the

unique trafficking patterns employed by narcotics organizations, and their patterns

of drug abuse.  My training and experience as a Special Agent, my participation in

a multitude of investigations, and my interactions with other agents, as well as with

other state and local law enforcement officer's familiar with drug investigations,

form the basis of the opinions and conclusions set forth below, which I have drawn

from the facts set forth herein.

    4.    This affidavit is based upon my personal knowledge, my review of

reports by other law enforcement officers, my communications with other law

enforcement officers, information obtained from witnesses, and other evidence. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of the investigation.

## **PROBABLE CAUSE**

5.     On April 7, 2025, DEA investigators from the Honolulu District Office were informed by the Honolulu Police Department ("HPD") Crime Reduction Unit ("CRU") officers that CRU had conducted a traffic stop in Kailua, Hawaii, on a vehicle operated by LEWIS for a traffic violation. After conducting checks on LEWIS for active warrants, LEWIS was arrested by HPD for a violation of Criminal Contempt of Court and was transported to the Kailua Police Station. No one else was in the vehicle with LEWIS at the time he was pulled over and arrested. The vehicle remained at the scene of the traffic stop while CRU officers maintained security of it.

6.     Approximately thirty to forty-five minutes later, DEA investigators arrived on scene and, shortly after, had an HPD narcotics detecting canine screen LEWIS's vehicle. The canine alerted positive to the odor of narcotics.

7.     During the subsequent search of LEWIS's vehicle, investigators located a multi-colored backpack in the front passenger area. Upon searching the

4

backpack, investigators located, among other items: approximately 548.1 gross

grams of a clear crystalline suspected controlled substance contained within a Girl

Scout cookies box; approximately 122.1 gross grams of a clear crystalline

suspected controlled substance contained within clear plastic bags; a digital scale

with suspected drug residue; and an assortment of multiple clear, plastic bags.

8.     Investigators also located a black zipper pouch in the backseat of

LEWIS's vehicle. Upon searching the black zipper pouch, investigators located,

among other items: an assortment of unidentified pills in different colors (including

a clear plastic baggie with approx. 100 blue pills); a clear plastic bag with a Hello

Kitty insignia containing a white and tan, rock-like suspected controlled substance;

and a glass pipe with suspected drug residue.

9.     Investigators also located, among other items: various small, clear

plastic baggies found in the backseat; a faded pill bottle containing an assortment

of unidentified pills found in the trunk; a cellphone found on the front dashboard; a

glass bong in the front, driver door area; and a wallet containing a debit/credit card

with LEWIS's name on it.

10.    The approximate 548.1 gross grams of a suspected controlled

substance found in the backpack was weighed by DEA investigators.  The gross

weight included a clear plastic bag the substance was contained in, a Girl Scouts

5

cookies box that it was found inside of, and two evidence bags that DEA investigators sealed them within. A sample of the substance field-tested positive for fentanyl. The approximate 122.1 gross grams of a suspected controlled substance was weighed by DEA investigators. The gross weight included two clear plastic bags the substance was contained in and two evidence bags that DEA investigators sealed them within. A sample of the substance field-tested positive for fentanyl. Samples of the blue pills found in the black zipper pouch and the white and tan rock-like substance found in the black zipper pouch also field-tested positive for fentanyl. Fentanyl is a Schedule II controlled substance.

11.    Based on my training and experience in investigating narcotics cases, the totality of the circumstances with the items found in the vehicle, including the amounts of suspected controlled substances (that is, suspected fentanyl), various types and sizes of plastic bags, and a digital scale are consistent with distribution and not only personal use.

## CONCLUSION

12.    Based on the facts described above, and on my training and experience, I submit that there is probable cause to conclude DAVID WILLIAM LEWIS possessed with the intent to distribute a controlled substance, namely 40 grams or more of a mixture and substance containing a detectable about N-phenyl-

N-[1-(2-phenylethyl)-4-piperidinyl] propanamidefentanyl, commonly known as

fentanyl, a schedule II controlled substance, in violation of Title 21, United States

Code, Sections 841(a)(1) and 841(b)(1)(B).

DATED: Honolulu, Hawaii, April 10, 2025.

Respectfully submitted,

Michael J. Lesko
Special Agent
Drug Enforcement Administration

This Criminal Complaint and Affidavit in support thereof were presented to,
approved by, and probable cause to believe that the defendant above-named
committed the charged crime(s) found to exist by the undersigned Judicial
Officer at 9:15 a.m. on April 11, 2025, at Honolulu, Hawaii.

Sworn to under oath before me telephonically, and attestation acknowledged
pursuant to Fed. R. Crim. P. 4.1(b)(2), this 11th day of April, 2025, at
Honolulu, Hawaii.



Rom A. Trader
United States Magistrate Judge

7